UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RAIGOZA, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>ARAMARK CORPORATION; ARAMARK UNIFORM AND CAREER APPAREL GROUP, INC.; MICHAEL BRODEUR; BILL VERVALIN; KERM HANSEN; JACOB VERVALIN, <br><br>　　　　　　Defendants. | 2:04-cv-1208-GEB-KJM <br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

　　　　By order filed November 30, 2005, a final pretrial conference was scheduled in this case for January 9, 2006. The parties were required to file a joint pretrial statement no later than January 3, 2006. (November 30 Order at 3.) Defendant timely filed a document on January 3 titled "Joint Pretrial Statement" and a declaration. In his declaration, defense counsel explained why plaintiff's counsel's signature did not appear on this document. The Clerk's Office issued a notice to the parties on January 4, 2006, instructing them to re-submit the document with both attorney's signatures. Plaintiff responded to that notice at 10:31 p.m. on January 4, 2006. This response indicates that plaintiff did not authorize defendant to file a joint pretrial statement on plaintiff's behalf. Due to the parties' failure to timely file a genuine joint

1

pretrial statement as ordered, the final pretrial conference is reset to February 13, 2006 at 2:30 p.m.  The parties must file a joint pretrial statement no later than 4:00 p.m. on January 23, 2006.

Further, each party and counsel are ORDERED TO SHOW CAUSE (OSC), in a written statement required to be filed not later than January 23, 2006, why sanctions should not be imposed against each party and/or counsel under Rule 16(f) of the Federal Rules of Civil Procedure because of the failure to file a joint pretrial statement. The written responses shall state whether a party or counsel is at fault and whether a hearing is requested on the OSC.[1]  If a hearing is requested, the OSC will be heard at 2:30 p.m. on February 13, 2006.

IT IS SO ORDERED.

Dated:   January 5, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).