IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER RAIGOZA,                     )
                                    )     2:04-cv-1208-GEB-KJM
            Plaintiff,              )
                                    )
      v.                            )     FINAL PRETRIAL ORDER
                                    )
ARAMARK CORPORATION;                )
ARAMARK UNIFORM AND CAREER          )
APPAREL, INC.; ARAMARK              )
UNIFORM AND CAREER APPAREL          )
GROUP, INC.; and BILL               )
VERVALIN,                           )
                                    )
            Defendants.*            )
_____)

            The final pretrial conference scheduled for February 13,

2006, is vacated because of the issuance of this Order.  The

hearing on the Order to Show Cause is rescheduled for commencement

at 3:30 p.m. on March 20, 2006.

                        I.   JURY/NON-JURY

            All issues shall be tried to a jury.

                II.   FACTUAL AND/OR LEGAL CONTENTIONS

            A.   The Final Pretrial Order supersedes the pleadings

and controls the facts and claims which may be presented at trial.

_____

            *    The caption has been changed to reflect the Order filed
December 21, 2005.

1  Any legal theory of relief or affirmative defense asserted in the

2  pleadings but not preserved for trial in this section of the Final

3  Pretrial Order cannot be raised during the trial.  Therefore, to

4  preserve an issue for trial, and to be entitled to jury

5  instructions on that issue, the issue <u>shall</u> be identified and

6  preserved in this section of the Order.  Failure to do so

7  dismisses, waives or abandons that issue, claim or defense.

8  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324,

9  1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order

10  are eliminated from the action.").

11          B.  The following issues are preserved for trial provided

12  jury instructions are submitted as required by section "IX" of this

13  Order:

14          <u>Plaintiff's claims</u>

15          (1) That Defendant Vervalin violated 42 U.S.C.

16  section 1981 by taking a portion of Plaintiff's bonus in August of

17  2002.

18          (2) That Defendants Aramark Uniform and Career

19  Apparel, Inc.; Aramark Uniform Services; Aramark; Aramark

20  Corporation; and Aramark Uniform and Career Apparel, Inc. are

21  liable for Defendant Vervalin's violation of 42 U.S.C. section 1981

22  on the basis of vicarious liability and/or respondeat superior.

23          <u>Affirmative defenses</u>

24          The defenses asserted in the parties' Joint Pretrial

25  Statement have not been preserved either because they did not

26  constitute affirmative defenses, <u>Zivkovic v. Southern Cal. Edison</u>

27  <u>Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002), or because they were not

28  presented in a filed motion before the law and motion deadline

passed, see U.S. v. Hartford Fire Ins. Co., 112 F. Supp. 2d 1023, 1028-29 (D. Haw. 2000).

       C.   In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following point of law in their trial briefs.

       (1) The elements, standards, and burdens of proof as to Plaintiff's cause of action, including citations of authority in support thereof.

       Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than twenty (20) court days prior to the date of trial. A joint or partial joint trial brief is permitted. All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority. See Local Rule 16-285. If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to trial. **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof." Local Rule 16-285(a)(3).**

### III.  WITNESSES

       A.  Plaintiff expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit A, attached hereto.

       B.  Defendant expects to call as witnesses, either in person or by deposition, some or all of the persons listed in Exhibit B, attached hereto.

1         C.  Each party may call a witness designated by the
2   other.

3         D.  No person, other than those named on these witness
4   lists, will be permitted to testify unless:

5         (1) The party offering the witness demonstrates that
6   the witness is for the purpose of rebutting evidence which could
7   not reasonably be anticipated at the pretrial conference; or

8         (2) The witness was discovered after the pretrial
9   conference and the proffering party makes the showing required in
10  "E", below.

11        E.  If a witness is discovered after the pretrial
12  conference, counsel for the party offering the witness shall
13  promptly inform the Court and opposing parties of the existence of
14  the unlisted witness so that the Court may consider at trial
15  whether the witness shall be permitted to testify.  The witness
16  will be not be permitted to testify unless:

17        (1) The witness could not reasonably have been
18  discovered prior to pretrial;

19        (2) The Court and opposing counsel were promptly
20  notified upon discovery of the witness;

21        (3) If time permitted, counsel offered the witness
22  for deposition; and

23        (4) If time did not permit, a reasonable summary of
24  the witness' testimony was provided to opposing counsel.

25        IV.  <u>EXHIBITS</u>

26        A.  Plaintiff intends to offer in evidence the exhibits
27  described in Exhibit C, attached hereto.

28

B.   Defendant intends to offer in evidence the exhibits described in Exhibit D, attached hereto.

C.   No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

D.   Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.   Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked

with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[1]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office on the Friday before the before trial date, no later than 4:00 p.m. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

---

[1]     The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

1        V. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>[2]

2        A.  It is the duty of counsel to ensure that any

3 depositions which are to be used at trial for any purpose shall

4 have been filed with the clerk, and counsel are cautioned that a

5 failure to discharge this duty may result in preclusion of the use

6 of the unfiled depositions or in the imposition of such other

7 sanctions as the Court deems appropriate.

8        B.  No later than twenty (20) court days before the trial

9 commencement date, counsel for each party shall serve on the other

10 parties a statement designating all answers to interrogatories and

11 all portions of depositions (except for passages to be used solely

12 for refreshing recollection, impeachment or rebuttal).  No later

13 than ten (10) court days before the trial commencement date,

14 counter-designations of other portions of these discovery documents

15 may be served.  No later than five (5) court days before trial, the

16 parties shall file and serve any preserved evidentiary objections

17 to any designated discovery, or said objections are waived.

18        VI. <u>AGREED STATEMENT</u>

19       The parties shall submit a short, jointly-prepared

20 statement concerning the nature of this case that can be read to

21 the jury at the commencement of trial.  The statement shall be

22 provided to the Court no later than ten (10) court days before the

23 commencement of trial.  If the parties fail to do this, they may be

24

---

25     [2]  Counsel for the parties are required to meet and confer

26 on whether it is appropriate to submit any documents to the judge
prior to trial.  If the parties decide this is appropriate, they

27 shall reflect their agreement in a stipulation which has attached
thereto whatever documents they agree can be considered by the

28 judge before trial.  The stipulation should be filed and submitted
to the judge's chambers at the parties' earliest convenience.

1  required to give their respective opening statements before voir

2  dire.  Separate statements shall be submitted if agreement is not

3  reached.

4  VII.  <u>SEPARATE TRIAL OF ISSUES</u>

5         The trial will be conducted in two phases:  liability and

6  punitive damages.  If the jury finds punitive damages are

7  recoverable in the liability phase, trial on the amount of punitive

8  damages will immediately occur.  During the first phase of the

9  trial, the jury will be given a liability instruction on punitive

10 damages along with the other closing instructions and a verdict

11 form which will include the question whether punitive damages

12 should be awarded.  If the answer is yes, the second phase of the

13 trial would then occur with the presentation of financial condition

14 evidence pertinent to the amount of punitive damages, following

15 which the parties would present closing argument on that issue and

16 a second phase jury instruction would be given to the jury on the

17 issue.  The jury would then deliberate on the issue and fill in a

18 punitive damages verdict form.

19    VIII.  <u>JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS</u>

20         A.   The parties are to prepare jury instructions, in the

21 manner specified in paragraph B below.  Counsel shall tailor all

22 general instructions to the facts and issues in suit.

23         B.   Counsel are directed to confer and to attempt to

24 agree upon a joint set of jury instructions.  All instructions,

25 both general and specific, shall be submitted in the exact

26 numerical order counsel desires them given to the jury and shall be

27 tailored to the facts and issues in suit.

28

1          The joint set of instructions shall be filed with the

2  court clerk fifteen (15) court days prior to the date of the trial

3  and shall be identified as the "Jury Instructions Without

4  Objection."  See L.R. 51-163(b).  As to instructions on which there

5  is dispute, the parties shall adhere to the following procedure:

6  1) the party offering the disputed instruction(s) shall submit the

7  instruction(s) as its package of proposed jury instructions, shall

8  submit a brief memorandum in support of the proposed instruction(s)

9  and shall number the disputed instruction in a manner that shows

10  where each disputed instruction should be placed in the tendered

11  agreed upon instructions.  The contested instruction(s) and

12  memorandum in support shall be filed with the joint set of

13  instructions fifteen (15) court days prior to the date of the

14  trial; 2) the party opposed to the contested instruction(s) shall

15  submit a brief memorandum succinctly stating the legal basis of the

16  objection(s); 3) the memoranda in opposition to the contested

17  instruction(s) shall be filed ten (10) court days prior to the date

18  of the trial.

19        C.   All instructions shall be, to the extent possible,

20  concise, understandable, and neutral statements of law.  They shall

21  be prepared in accordance with Local Rule 51-163.  Ninth Circuit

22  Pattern Instructions are preferred.

23        D.   It is the parties' responsibility to ensure that

24  jury instructions are submitted on all issues preserved for trial

25  in accordance with the schedule set forth above.  Pursuant to Local

26  Rule 51-163, instructions not presented in accordance with this

27  Order will be refused unless it is shown either (1) that the

28  necessity for the request arose in the course of trial; the

instructions could not reasonably have been anticipated prior to trial from the Final Pretrial Order; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute manifest injustice under Rule 16(e).

Likewise, any objections to proposed instructions not made in accordance with this Order will be overruled as untimely unless it is shown either (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the Court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

E.    Most of the examination of prospective jurors is conducted by the Court.  The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions.  These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary.  The joint set of voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial.  Parties may also submit proposed voir dire questions which are disputed. Disputed voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial and shall be accompanied by an explanation as to the need for the question and supporting case authority when available.  The opposing party shall respond with reasons for the opposition and any supporting case authority no later than ten (10) court days prior to the date of trial.  Each side is granted ten (10) minutes to conduct voir dire following the Court's examination of prospective jurors.

F.   The parties shall file a joint verdict form concurrently with proposed jury instructions fifteen (15) court days prior to the commencement of trial.  See L.R. 51-163(e).  A special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  The verdict form shall be prepared in accordance with Local Rule 51-163(e).  At the same time, where disagreements exist, the parties shall explain the disagreement and submit points and authorities supporting their respective positions.

At the time of electronically filing the jury instructions and verdict form, counsel shall also submit a copy of the sanitized joint jury instructions, the sanitized disputed jury instructions, and the joint verdict form to the Court by email to geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

G.   The failure of one or more of the parties to participate in the preparation of joint jury instructions, proposed voir dire questions, or verdict form does not excuse the other parties from their obligation to timely file these documents with the Court in accordance with this Order.  In the event that a party fails to participate as ordered, the party timely submitting these documents shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

///

///

///

///

IX.  <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

Eight jurors will be impaneled.  The "struck jury" system will be used to select the jury.[3]  At the beginning of the voir dire process, eighteen prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire.[4]  The order of the jurors' random selection is reflected by the order in which they will be seated.  The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat. The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box.  The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The first eight jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those jurors is excused for some reason. Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list

_____

[3]     As explained in <u>United States v. Blouin</u>, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

[4]     More could be seated.

1  becoming seventh on the list; however, the jurors continue to be

2  identified by their original numbers.

3           Following the voir dire questioning, each side will

4  exercise its three allowed peremptory strikes.[5]  A copy of the

5  "strike sheet" which will be used is attached to this Order.

6  Generally, the potential jurors are given a break for the amount of

7  time the parties estimate it will take them to exercise peremptory

8  strikes.  Therefore, before the striking process begins, the

9  parties are requested to provide an estimate of how long it will

10 take to exercise their peremptory strikes so the potential jurors

11 can be allowed to take a break for that amount of time.  Peremptory

12 strikes will be exercised silently, by passing the strike sheet

13 between the parties, with the Plaintiff going first.  To use a

14 strike, write the seat number of the juror above the line where the

15 strike is required to be designated.[6]  A party who does not use a

16 strike waives any further right to exercise that strike and is

17 required to reflect this waiver by writing the word "pass" on the

18 strike sheet where the strike was supposed to have been exercised.

19 ///

21      [5]   During the questioning, the attached Query Re Excuse
   Potential Jurors form could be given to the parties to determine if
22 a particular juror should be excused.  The attached for cause form
   will also be used.

24      [6]   For example, assuming Plaintiff elects to strike the
   juror in seat number 6, that strike will be exercised and then the
25 strike sheet is given to defense counsel.  Assuming defense counsel
   then strikes the juror in seat 4, the first line of the strike
26 sheet will appear as follows:

27      Plaintiff   1  **6**                 Defendant  1   **4**

28 Defense counsel would then give the strike sheet back to Plaintiff
   so he could exercise his second strike.

## X.   ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

## XI.   JURY INSTRUCTION AND VERDICT FORM CONFERENCE

A jury instruction and verdict form conference will be scheduled if necessary.  See Local Rule 51-163(f).  The attorney who will try the case for each party shall attend the conference. The purpose of the conferences is to finalize these matters, to the extent possible, before trial.  The possibility of conferences being scheduled does not relieve the parties from their obligation to comply with all provisions of this Order.

## XI.   TRIAL DATE

Trial to a jury is set for March 28, 2006.[7]  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  At the first phase of the trial, each side has ten (10) minutes within which to make an opening statement to the jury and forty-five (45) minutes within which to make a closing argument. If trial proceeds to the second phase, each side has ten (10) minutes within which to make a closing argument on the punitive damage issue.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

## XII.   COMMUNICATION WITH JURY

The Court intends to communicate the following to the jury just before it retires to deliberate:

---

[7] **The parties are required to meet and confer about the length of the trial and to file a document no later than twenty (20) court days before trial in which the length of trial is estimated.**

1.  Is the United States Marshal's representative
    present who will take charge of the jury?

2.  Deputy Clerk, please give the oath to the United
    States Marshal's representative.

3.  The jury may take breaks at will, **without advance
    permission**, under the general supervision of the
    United States Marshal's representative.

4.  The jury may go to lunch when they desire, **without
    advance permission**, under the general supervision of
    the United States Marshal's representative.  When
    the jury leaves for lunch, **the United States
    Marshal's representative shall tell my courtroom
    deputy clerk** so that I, my staff, the lawyers, and
    the parties can be relieved from standby status.
    This allows those on standby status to go to lunch
    at the same time the jury has lunch.

5.  The jury is authorized to adjourn for the evening
    **without advance permission**, and without having to
    return to this courtroom to be excused by me in
    front of the parties, but **the United States
    Marshal's representative shall tell my deputy
    courtroom clerk** when the jury adjourns so that the
    judge, the judge's staff, the lawyers, and the
    parties can be relieved from standby status.

6.  When deliberations are continued the day after
    evening adjournment, jurors are permitted to proceed
    directly to the jury deliberation room.  But jurors

1              are to wait until all jurors are present before

2              resuming deliberations.

3        7.    We desire you to deliberate between the hours of

4              9:00 a.m. and 4:30 p.m., as necessary.  However, you

5              may deliberate for a shorter or longer period if you

6              desire, provided all of you are in agreement.

7              Otherwise, you should let me know about the

8              disagreement.

9        8.    If you have a cell phone and/or a device with a

10             wireless internet connection, you must give it to

11             the United States Marshal's representative before

12             you go into the jury deliberation room so that we

13             can be assured that there is no interference with

14             your deliberations.  That representative will return

15             it when you leave the jury deliberation room.

16       9.    The United States Marshal's representative will

17             maintain a post outside the jury deliberation room

18             to protect the jury from outside influences or

19             visitors.  That representative shall not communicate

20             with you about the case or the court system because

21             such conversations could be misconstrued as a

22             communication that seeks to influence the jury.

23             Stay in the jury room until all jurors are ready to

24             leave for a break or lunch.

25      10.   Please escort all jurors to the deliberation room.

26  ///

27  ///

28  ///

1    FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY

2   BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL

3   AS WELL AS ANY PARTY OR PARTIES WHO CAUSE NON-COMPLIANCE WITH THIS

4   ORDER.

5

6        IT IS SO ORDERED.

7   Dated:  February 10, 2006

8

9                           /s/ Garland E. Burrell, Jr.
                            GARLAND E. BURRELL, JR.
10                           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRIKE SHEET


Plaintiff     1_____          Defendants  1_____

              2_____                      2_____

              3_____                      3_____

## Query re Excuse Potential Juror

Do you Agree that Juror No. _____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

|  | Plaintiff's Attorney | | Defendants' Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |

<u>Whether Jurors Present During Exercise of Peremptory Challenges</u>

Can the jury be excused for the amount of time it will take to exercise peremptory challenges? (Set forth response in box below)

|  | Plaintiff's Attorney |  |  | Defendants' Attorney |  |
|---|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ |  | ☐ | ☐ |
|  | Yes | No |  | Yes | No |

How long do you estimate it will take you to exercise peremptory challenges?  (Set forth minutes in box below)

|  | Plaintiff's Attorney | Defendants' Attorney |
|---|---|---|
| MINUTES: | ☐ | ☐ |

FOR CAUSE DOCUMENT
Plaintiff's Counsel

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

Seat _____

Explanation: _____

_____

_____

List seat numbers of other for cause challenges:  ____, ____,

____, ____, ____, ____, ____, ____, ____, ____, ____, ____.

*CHECK THIS BOX IF YOU HAVE NO CHALLENGES FOR CAUSE:*

Signed:_____

<u>FOR CAUSE DOCUMENT</u>
<u>Defendants' Counsel</u>

If you have challenges for cause, state the seat number of the juror involved and a brief explanation of the reason for the challenge.

Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


Seat _____

Explanation: _____

_____

_____


List seat numbers of other for cause challenges:  _____, _____,

_____, _____, _____, _____, _____, _____, _____, _____, _____, _____.

*CHECK THIS BOX IF YOU HAVE <u>NO</u> CHALLENGES FOR CAUSE:* ☐


Signed:_____